BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN QUIÑONES ET AL., Defendants and Appellants.

No. 6132.   Argued November 7, 1932.—Decided November 15, 1932.

*C. Iriarte* and *F. Fernández Cuyar* for appellants.   *R. Buscaglia* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

To a complaint against four on a promissory note, apparently entirely good and so decided by the court below, one of the defendants appeared and presented a demurrer. The other three defendants did not appear and judgment by default was entered against them. The said three defendants filed a motion to se aside the default, which the court overruled.

16

A motion has been made to dismiss as frivolous the appeal taken in this case.

The appellants appeared at the hearing and relied on a brief already filed. The court below gave various reasons for refusing to set aside the default. The appellants principally maintain that they filed an affidavit of merits wherein it was stated that they had recited their case to their attorney who was of the opinion that they had a good defense. No other showing was made.

The appellants likewise cite jurisprudence to the effect that such a statement would generally cause a court to set aside a default. We do not question this general proposition.

It appears, however, from the record that originally all that the defendants did or intended to do was to file a general demurrer. The court below in part based its decision on the ground that the demurrer filed or intended to be filed could not avail the defendants-appellants. They did not convince the court below nor this Court that the demurrer was good. On the contrary they maintain that a demurrer is not a defense. A demurrer, if generally interposed, may be a complete defense to a case.

The inadvertence claimed consisted in the fact that the attorney intended to file a demurrer for all four defendants but interposed it nominally only for one of them.

While ordinarily, as we have indicated, a default should be set aside where the affidavit of merits shows that the parties have related their defense to their attorney and he considers it good, nevertheless, we think something more was required in this case. The defendants accompanied a demurrer only to their affidavit of merits. At no time did they indicate to the court what the nature of their real defense was. It might be that the affidavit referred to the demurrer filed therewith. We think it was the duty of the defendants either by a sworn answer or otherwise to have

allowed the court to get an idea of the nature of their defense.

While the case of *Schlüter* v. *González*, 36 P.R.R. 690, may, as the appellants maintain, be somewhat distinguished on the facts, it has sufficient application.

We find no abuse of discretion and the motion should be granted.